UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SABRINA TONER,

                              Plaintiff,

       -against-

CITY OF NEW YORK, JONATHAN MARTINEZ, Individually,
STEVE GAUVY, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                          Defendants,

--------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

      Plaintiff SABRINA TONER, by her attorneys, Brett H. Klein, Esq., PLLC, complaining
of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages, and
attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said
rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts
supplemental state law claims.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth
and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff SABRINA TONER is a thirty-eight-year-old Asian American female residing in New York, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Parks Enforcement Patrol (hereinafter referred to as "PEP"), a duly authorized public authority and/or law enforcement agency, authorized to perform all functions of parks enforcement as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants JONATHAN MARTINEZ, STEVE GAUVY, and JOHN and JANE DOE 1 through 10, were duly sworn law enforcement officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

12.     On November 19, 2020, beginning at approximately 4:30 pm, in the vicinity of Castle Clinton located in Battery Park, plaintiff was, inter alia, needlessly and/or otherwise unreasonably subjected to excessive force by defendant PEP officers JONATHAN MARTINEZ and STEVE GAUVY, and thereafter denied her right to fair trial by defendant MARTINEZ.

13.     On said date, plaintiff was walking her dog at the aforementioned location when she was approached by defendants MARTINEZ and GAUVY.

14.     The defendant officers proceeded to flank plaintiff's dog in an aggressive manner, which resulted in the dog frantically fleeing the scene.

15.      Plaintiff, knowing that the officers' aggressive behavior may further scare away her dog and in an effort to safely retrieve it, asked the defendants MARTINEZ and GAUVY to hold off on pursuing the dog.

16.     Defendant MARTINEZ then unjustifiably chest bumped plaintiff, and thereafter pursued her dog.

17.     Plaintiff ultimately retrieved her dog and then went back to defendants MARTINEZ and GAUVY to inquire about why she was approached and assaulted in such a manner.

18.     Defendant MARTINEZ then proceeded to push plaintiff despite that plaintiff was posing no threat whatsoever to the officer or anyone else and was cradling her dog in her right arm.

3

19.     Defendant MARTINEZ proceeded to needlessly grab plaintiff's left arm, yanked it behind her back, and falsely accused plaintiff of assaulting him.

20.      Defendant MARTINEZ called for backup while telling his partner to hold on to the plaintiff.

21.      Defendants MARTINEZ and GAUVY excessively and otherwise unreasonably threw plaintiff against a van and then to the ground, causing her dog to fall out of her arm and to again flee the scene.

22.     Defendants' actions placed plaintiff's dog at risk of harm or death, and otherwise caused additional significant emotional distress to plaintiff.

23.     Further, one of the defendant officers sat on plaintiff, inhibiting her ability to breathe, and injuring her ribs.

24.     Additional officers subsequently arrived at the scene and claimant was ultimately placed in a PEP vehicle and transported to the NYPD's 1st Precinct station house, where she was jailed, processed, and thereafter released with three summonses issued by defendant MARTINEZ.

25.     Two of the summonses contained false allegations asserted by MARTINEZ, which he forwarded to New York County Criminal Court, and which compelled plaintiff's appearance at 1 Centre Street, New York, New York.

26.     In particular, MARTINEZ falsely claimed that plaintiff had acted disorderly and failed to comply with a PEP officer.  These claims were false.

27.     Defendant MARTINEZ's false claims were utilized against plaintiff in criminal court, and as a result of said false allegations plaintiff was deprived of her liberty and forced to

appear in court on October 17, 2021.

28.     Defendants MARTINEZ, GAUVY, and JOHN and JANE DOE 1 through 10 either directly participated in or failed to intervene in the above despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

29.     Defendants' actions interfered with and otherwise deprived plaintiff of access to, enjoyment of, and ability to care for, her dog and caused plaintiff to sustain needless pain and suffering necessitating medical treatment including, inter alia, a rib injury diagnosed as a fracture in the emergency room on the evening of the incident, lacerations to her face including one that required repair via Dermabond in the emergency room on the evening of the incident, as well as to her head, eyes, and legs, bruising and swelling to her head, face, wrists and ribs, further injuries to her ribs, a torn toenail, neck and shoulder pain, and emotional distress.

30.     All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the City of New York.

31.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with 311) that many PEP officers, including the defendants, are insufficiently trained regarding the use of force.

32.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

33.     Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as PEP officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34.    All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

35.    All of the aforementioned acts deprived plaintiff SABRINA TONER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

36.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as PEP officers, with the entire actual and/or apparent authority attendant thereto.

37.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as PEP officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and PEP, all under the supervision of ranking officers of said department.

38.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.    As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

**<u>Federal Claims</u>**

**AS AND FOR A FIRST CAUSE OF ACTION**
**<u>(Excessive Force under 42 U.S.C. § 1983)</u>**

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff SABRINA TONER'S constitutional rights.

42.     As a result of the aforementioned conduct of defendants, plaintiff SABRINA TONER was subjected to excessive force and sustained physical and emotional injuries.

43.     As a result of the foregoing, plaintiff SABRINA TONER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**<u>(Violation of Right to Fair Trial under 42 U.S.C. § 1983)</u>**

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants created false evidence against plaintiff SABRINA TONER.

46.     Defendants caused this false evidence to be utilized against plaintiff SABRINA TONER in legal proceedings.

47.     As a result of defendants' creation and use of false evidence, plaintiff SABRINA TONER suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution and was deprived of her liberty.

48.     As a result of the foregoing, plaintiff SABRINA TONER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

51.     The defendants failed to intervene to prevent the unlawful conduct described herein.

52.     As a result of the foregoing, plaintiff was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, she was humiliated and subjected to handcuffing and other physical restraints, arrested, and maliciously issued process.

53.     As a result of the foregoing, plaintiff SABRINA TONER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

56.     As a result of the foregoing, plaintiff SABRINA TONER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59.     The aforementioned customs, policies, usages, practices, procedures, and rules of PEP included, but were not limited to engaging in the excessive use of force.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

60.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the PEP constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff.

61.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and PEP were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

62.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and PEP were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

63.     As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and PEP, plaintiff SABRINA TONER was subjected to excessive force.

64.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

65.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right to be free from excessive force.

66.     As a result of the foregoing, plaintiff SABRINA TONER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## Supplemental State Law Claims

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

10

paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Within ninety (90) days after the claim herein accrued, plaintiff SABRINA TONER duly served upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

69.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

70.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

71.     Plaintiff SABRINA TONER has complied with all conditions precedent to maintaining the instant action.

72.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     As a result of the foregoing, plaintiff SABRINA TONER was placed in apprehension of imminent harmful and offensive bodily contact.

75.     As a result of defendant's conduct, plaintiff SABRINA TONER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

76.     Defendant City, as employer of the each of the individually named defendant

officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

77.     As a result of the foregoing, plaintiff SABRINA TONER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendants made offensive contact with plaintiff SABRINA TONER without privilege or consent.

80.     As a result of defendants' conduct, plaintiff SABRINA TONER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

81.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

82.     As a result of the foregoing, plaintiff SABRINA TONER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraph numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who subjected plaintiff to excessive force.

85.     Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

86.     As a result of the foregoing, plaintiff SABRINA TONER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

87.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who subjected plaintiff to excessive force.

89.     As a result of the foregoing, plaintiff SABRINA TONER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
<u>(Trespass to Chattels Under the Laws of the State of New York Against All Defendants)</u>

90.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Defendants intentionally and wrongfully interfered with plaintiffs' property, when they mistreated and wrongfully deprived plaintiff of her dog.

92.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' misconduct under the doctrine of *respondeat superior*.

93.     As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

14

**WHEREFORE**, plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
        February 17, 2022

                       BRETT H. KLEIN, ESQ., PLLC
                       Attorneys for Plaintiff SABRINA TONER
                       305 Broadway, Suite 600
                       New York, New York 10007
                       (212) 335-0132

              By:     *Brett Klein*
                       BRETT H. KLEIN (BK4744)

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SABRINA TONER,

                                          Plaintiff,

                                                                    Docket No.

              -against-

CITY OF NEW YORK, JONATHAN MARTINEZ, Individually,
STEVE GAUVY, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                          Defendants.

--------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132