UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                :
SABRINA TONER,                                                  :
                                                                :
                              Plaintiff,                        :
                                                                :                22-CV-1354 (JMF)
              -v-                                                :
                                                                :        MEMORANDUM OPINION
CITY OF NEW YORK et al,                                         :                AND ORDER
                                                                :
                              Defendants.                       :
                                                                :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Sabrina Toner brings claims against Parks Enforcement Patrol Officers Jonathan Martinez and Steve Gauvy relating to her arrest on November 19, 2020. Three claims remain: a federal claim of excessive force; a federal claim for failure to intervene; and a state-law claim of assault and battery. *See* ECF Nos. 42, 43 ("Stipulation of Voluntary Dismissal"); *see also* ECF No. 57. Defendants now move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for partial summary judgment. Specifically, they argue that, because Toner alleges that both Defendants were directly involved in the use of excessive force, she cannot sustain an excessive force claim and an alternative failure-to-intervene claim past summary judgment. *See* ECF No. 47 ("Defs.' Mem."), at 3-5. In the alternative, they contend that summary judgment is warranted because each Defendant did not have a reasonable opportunity to intervene in any use of excessive force by the other. *See id.* at 5. In response, Toner argues that both claims can proceed past summary judgment and that whether either Defendant had a reasonable opportunity to intervene is a fact question for a jury. ECF No. 53 ("Pl.'s Opp'n"), at 2-5.

The Court agrees with Toner on both fronts. First, although some courts have held that "a failure to intervene claim cannot proceed [beyond summary judgment] against an officer who

is alleged to have been a direct participant in the claimed constitutional violation," *Cabrera v. City of New York*, No. 16-CV-1098 (GBD), 2017 WL 6040011, at *11 (S.D.N.Y. Dec. 4, 2017), the better — and majority — view is that "a plaintiff may proceed to trial on both claims in the alternative," *Hernandez v. Cnty. of Nassau*, No. 17-CV-1646 (MKB), 2022 WL 513929, at *17 (E.D.N.Y. Feb. 20, 2022) (citing cases); *accord Williams v. City of New York*, No. 20-CV-5995 (LGS), 2023 WL 8603028, at *5 (S.D.N.Y. Dec. 12, 2023) (collecting cases).  Second, issues of fact exist as to whether either Defendant had a reasonable opportunity to intervene.  *See, e.g.*, *Benny v. City of Long Beach*, No. 22-1863, 2023 WL 8642853, at *2 (2d Cir. Dec. 14, 2023) (summary order) (affirming the district court's denial of the defendants' summary judgment motion "[b]ecause a question of material fact exists as to whether the force used was excessive and whether other Officer Defendants failed to intervene"); *Falls v. Rude*, No. 17-CV-1339 (VB), 2019 WL 3715087, at *8 (S.D.N.Y. Aug. 7, 2019) (denying summary judgment because "[i]ssues of fact exist as to whether defendants . . . used excessive force or failed to intervene to prevent the use of excessive force" and, "[w]ere a jury to credit plaintiff's account of his arrest, it could reasonably conclude it was not objectively reasonable for defendants to have used excessive force"); *see also, e.g.*, *Figueroa v. Mazza*, 825 F.3d 89, 108 (2d Cir. 2016) (holding that the plaintiff's "failure-to-intervene claims — even assuming that the assault lasted less than twenty seconds — were for the jury to decide").

Accordingly, Defendants' motion for partial summary judgment is DENIED.  Unless and until the Court orders otherwise, the parties shall submit their proposed Joint Pretrial Order and associated materials (in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure and Section 6 of the Court's Individual Rules and Practices in Civil Cases, available at https://www.nysd.uscourts.gov/hon-jesse-m-furman) **within thirty days of the date of this Memorandum Opinion and Order**.  The parties must be prepared to go to trial as soon **as two**

**weeks thereafter**, but the Court will promptly schedule a trial date — or at least a conference to discuss a trial date — after reviewing the parties' submissions.  That said, the Court is of the view that the parties should try to settle this case without the need for a trial.  To that end, the Court directs the parties to confer immediately about the prospect of settlement, including participation in a settlement conference before Magistrate Judge Cave (or before a mediator appointed by the Court or retained privately).  If the parties agree that a settlement conference would be appropriate, they should promptly advise the Court and seek an appropriate extension of the pretrial deadlines.

The Clerk of Court is directed to terminate ECF No. 44.

SO ORDERED.

Dated: February 6, 2026
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

3