UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABRINA TONER,<br><br>Plaintiff,<br><br>-v-<br><br>CITY OF NEW YORK et al,<br><br>Defendants. | 22-CV-1354 (JMF)<br><br><u>MEMORANDUM OPINION AND ORDER</u> |

JESSE M. FURMAN, United States District Judge:

Plaintiff Sabrina Toner brings claims against Parks Enforcement Patrol Officers Jonathan Martinez and Steve Gauvy relating to her arrest on November 19, 2020. Three claims remain: a federal claim of excessive force; a federal claim for failure to intervene; and a state-law claim of assault and battery. *See Toner v. City of New York*, No. 22-CV-1354 (JMF), 2026 WL 350845, at *1 (S.D.N.Y. Feb. 9, 2026) (ECF No. 59). In advance of trial, which is scheduled to begin on September 28, 2026, *see* ECF No. 79, each side has filed motions *in limine*. *See* ECF Nos. 71, 73. This Memorandum Opinion and Order addresses Plaintiff's motions.

Plaintiff's first motion *in limine* seeks to exclude or redact Defense Exhibits A and B, which are audio recordings of the encounters between Plaintiff and Defendants. *See* ECF No. 74 ("Pl.'s Mem."), at 2-5. To the extent that Plaintiff seeks to exclude the exhibits in their entirety, the motion is DENIED. The recordings are plainly the best evidence of the events at the heart of this case, and thus their probative value vastly outweighs any possible prejudice from the admission. *See* FED. R. EVID. 403.

That said, the Court agrees with Plaintiff that her overtly racist language can and should be redacted from the recordings (and any associated transcript), as the jury will be able to assess the totality of the circumstances without that language. *See* Pl.'s Mem. 3. That is, the probative value of including that language *is* substantially outweighed by the danger of unfair prejudice given the obviously inflammatory nature of the language. *See* FED. R. EVID. 403. As for the portions of Defense Exhibit B that include statements by bystanders, any references they make to Plaintiff's racist language should also be redacted. But the Court agrees with Defendants that some of the bystanders' statements — for example, any statement about having just seen Plaintiff spitting at Defendants — may be admissible as either present sense impressions or excited utterances. *See* ECF No. 80 ("Defs.' Opp'n"), at 7-8 (citing FED. R. EVID. 803(1), (2)).

The parties should try to reach agreement on redactions consistent with the foregoing. To that end, no later than **September 10, 2026**, Defendants shall serve on Plaintiff copies of the exhibits — as well as transcripts of the exhibits (which Defendants should prepare and plan to provide to the jury as aids to Defense Exhibits A and B) — with their proposed redactions. The parties shall then promptly confer and, no later than **September 17, 2026**, file a joint letter indicating whether there are any disputes over the redactions and, if so, attach copies of the transcripts with the disputed portions highlighted. The Court will address any such disputes either at or before the final pretrial conference.

Plaintiff's other motions *in limine* concern several of Defendants' proposed jury instructions. *See* Pl.'s Mem. 5-7. They are DENIED as premature. During trial, the Court will hold a charge conference, at which time it will address these issues and any other disputes regarding the final instructions to be given to the jury. As Plaintiff's motions pertain to those

instructions (as opposed to, say, preliminary or limiting instructions to be given during trial), there is no need to address them now.

The Clerk of Court is directed to terminate ECF No. 73.

SO ORDERED.

Dated: September 4, 2026
New York, New York

JESSE M. FURMAN
United States District Judge