UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABRINA TONER, Plaintiff, -v- CITY OF NEW YORK et al, Defendants. | 22-CV-1354 (JMF) MEMORANDUM OPINION AND ORDER |

JESSE M. FURMAN, United States District Judge:

Plaintiff Sabrina Toner brings claims against Parks Enforcement Patrol Officers Jonathan Martinez and Steve Gauvy relating to her arrest on November 19, 2020. Three claims remain: a federal claim of excessive force; a federal claim for failure to intervene; and a state-law claim of assault and battery. *See Toner v. City of New York*, No. 22-CV-1354 (JMF), 2026 WL 350845, at *1 (S.D.N.Y. Feb. 9, 2026) (ECF No. 59). In advance of trial, which is scheduled to begin on September 28, 2026, *see* ECF No. 79, each side filed motions *in limine*, *see* ECF Nos. 71, 73. By Memorandum Opinion and Order entered on September 4, 2026, the Court addressed Plaintiff's motions. *See* ECF No. 82. The Court rules on Defendants' motions as follows.

- **Defendants' Motion *in Limine* #1 (to instruct the jury that Plaintiff's arrest was lawful):** The motion is GRANTED, substantially for the reasons set forth in Defendants' memorandum of law. *See* ECF No. 72 ("Defs.' Mem."), at 2-4. Given that the claims in this case are limited to whether Defendants' use of force was unlawful, and there is no dispute that the arrest itself was lawful, *see* ECF No. 81 ("Pl.'s Opp'n"), at 5, the Court agrees that the jury should be advised that the arrest was lawful. The Court will share a proposed instruction (as part of its description of the case for prospective jurors) with the parties at the final pretrial conference.

- **Defendants' Motion *in Limine* #2 (to preclude certain exhibits):** The motion is GRANTED in part and DENIED in part as follows:
    - The motion is GRANTED as to the summonses, the certificates of disposition, and the Parks Enforcement Patrol Arrest Screen (Plaintiff's Exhibits 1-4, 7-9). As

Plaintiff concedes, "[t]he central questions for the jury will be what occurred during [the parties'] encounter and whether the force used was lawful." Pl.'s Opp'n 4. These exhibits are not relevant to those issues. *See* FED. R. EVID. 401-402. And to the extent they are relevant, what little probative value they have is substantially outweighed by the dangers of confusion and unfair prejudice. *See* FED. R. EVID. 403.

- The Court reserves judgment as to the redacted summary report with the black-and-white mugshot (Plaintiff's Exhibit 5) pending the final pretrial conference. At the conference, the parties should be prepared to address whether the mugshot in the exhibit was taken on the date of the incident at issue or another date. *Compare* Defs.' Mem. 6 (stating that the photograph "depict[s] plaintiff's appearance possibly related to a different incident"), *with* Pl.'s Opp'n 8 (arguing that the photograph "is probative of Ms. Toner's condition after the arrest").

- The motion is DENIED as to the photograph of Plaintiff's dog (Plaintiff's Exhibit 15), as the "dog's size and stature" are arguably relevant to the jury's assessment of the incident at issue. Pl.'s Opp'n 8-9.

- The Court reserves judgment as to the New York-Presbyterian Hospital Radiology documents (Plaintiff's Exhibit 12) pending the final pretrial conference. At the conference, the parties should be prepared to address the relationship between the exhibit and the radiology records produced by Defendants as part of their initial disclosures (Plaintiff's Exhibit 11).

To the extent that Plaintiff seeks to use any of the foregoing exhibits for purposes of impeachment alone, the Court will rule on any objections to such use at trial.

- **Defendants' Motion *in Limine* #3 (with respect to whether the jury should be instructed on assault and battery):** The motion is DENIED as premature. As noted in the ruling on Plaintiff's motions *in limine*, the Court will hold a charge conference during trial, at which time it will address the parties' disputes regarding the final instructions to be given to the jury. *See* ECF No. 82, at 2-3.

- **Defendants' Motion *in Limine* #4 (to preclude testimony and evidence regarding Plaintiff's medical diagnosis):** The motion is GRANTED in part and DENIED in part. To the extent that the motion seeks to preclude Plaintiff from introducing testimony that her injuries were caused by the encounter at issue, the motion is granted as unopposed. Moreover, as Defendants note, Plaintiff herself may not offer an opinion about causation as she is not an expert, and Plaintiff's treating physicians may not offer opinions about causation because there is no evidence that they formed any such opinions in the course of Plaintiff's treatment. *See* Defs.' Mem. 10-13. That said, the motion is denied to the extent that Defendants seek to preclude evidence concerning Plaintiff's injuries altogether or argument that such injuries were caused by Defendants' use of force. If Plaintiff presents evidence that she was fine before the encounter and injured immediately after, the jury would not need expert testimony to infer causation. *See* Pl.'s Opp'n 11-12.

- **Defendants' Motions *in Limine* #5 and 6 (to preclude Plaintiff from seeking damages for emotional injuries beyond garden variety and economic damages):** The motions are GRANTED as unopposed. *See* Pl.'s Opp'n 12.

- **Defendants' Motion *in Limine* #7 (to omit the fact that the City of New York is a defendant):** The Court reserves judgment pending the final pretrial conference, at which the parties should be prepared to address whether there is a dispute with respect to whether Defendants were acting within the scope of their employment by the City at the time of the incident. If there is no such dispute — and Defendants are prepared to concede that a finding in Plaintiff's favor on her assault and battery claim would, *a fortiori*, mean that the City would be liable on a *respondeat superior* theory — then the Court is inclined to omit the fact that the City is a Defendant as it has done in other cases, including *Lewis v. City of New York*, 12-CV-4433 (JMF).

- **Defendants' Motion *in Limine* #8 (to preclude Plaintiff from referring to defense counsel as "City attorneys" and suggesting that the City may indemnify the individual Defendants):** The motion is GRANTED as unopposed. *See* Pl.'s Opp'n 13.

- **Defendants' Motion *in Limine* #9 (to preclude Plaintiff from requesting a specific dollar amount from the jury):** The motion is GRANTED. The practice of requesting a specific dollar amount in damages is disfavored by the Second Circuit because it risks unfairly swaying the jury by "anchor[ing] the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence." *Consorti v. Armstrong World Induct.*, Inc., 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996); *see generally* DANIEL KAHNEMAN, THINKING FAST, THINKING SLOW 360-62 (2011). The Circuit has left the question to "the discretion of the trial judge," *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997), and this Court's "practice has been to follow the Second Circuit's counsel in *Consorti* and prohibit the plaintiff from requesting a specific dollar amount in damages," *Adams-Flores v. City of New York*, No. 18-CV-12150 (JMF), 2024 WL 519819, at *4 (S.D.N.Y. Feb. 9, 2024).

- **Defendants' Motion *in Limine* #10 (to preclude Plaintiff from introducing evidence of the individual Defendants' disciplinary histories, prior misconduct, and prior lawsuits):** The motion is DENIED as moot in light of Plaintiff's concession that she is not aware of any such evidence. *See* Pl.'s Opp'n 14. In the event that Plaintiff learns of any such evidence and wishes to use it at trial, she shall promptly advise Defendants and the Court.

- **Defendants' Motion *in Limine* #11 (to preclude Plaintiff from referencing allegations of misconduct against other law enforcement officials, events in the news, or using inflammatory terms to describe law enforcement activity):** The motion is GRANTED as (effectively) unopposed. *See* Pl.'s Opp'n 15.

- **Defendants' Motion *in Limine* #12 (to preclude Plaintiff from referring to and offering evidence regarding Park Enforcement or Parks Department procedures and directives):** To the extent that the motion seeks to preclude Plaintiff from offering such evidence affirmatively (as part of her case-in-chief or otherwise), the motion is GRANTED as unopposed. *See* Pl.'s Opp'n 15. The Court reserves judgment on whether

and to what extent Plaintiff can use any such evidence for purposes of impeachment. The parties should be prepared to address that issue at the final pretrial conference.

- **Defendants' Motion *in Limine* #12 (to preclude Plaintiff from seeking punitive damages):** The motion is DENIED as, in effect, an improper and untimely motion for summary judgment. *See, e.g.*, *Williams v. Regus Mgmt. Grp., LLC*, No. 10-CV-8987 (JMF), 2012 WL 1711378, at *2 (S.D.N.Y. May 11, 2012). As in *Williams,* Defendants previously moved for summary judgment in this case and did not seek to dismiss Plaintiff's claim for punitive damages. *See id.* "At this stage, therefore, the issue of whether [Plaintiff] is entitled to punitive damages must await resolution at trial." *Id.*

* * * *

The Clerk of Court is directed to terminate ECF No. 71.

SO ORDERED.

Dated: September 9, 2026
New York, New York

JESSE M. FURMAN
United States District Judge