UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SABRINA TONER,<br><br>Plaintiff,<br><br>-v-<br><br>CITY OF NEW YORK et al.,<br><br>Defendants. | : | 22-CV-1354 (JMF)<br><br><u>ORDER</u> |

JESSE M. FURMAN, United States District Judge:

Upon reflection, the Court is inclined to believe that it will be necessary to give the jury instructions with respect to whether and how they may consider what Plaintiff said in her encounters with Defendants in evaluating whether the latter's use of force was reasonable. After all, "[s]peech directed at police officers" is "protected unless it is likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance or unrest." *Kerman v. City of New York*, 261 F.3d 229, 242 (2d Cir. 2001) (internal quotation marks omitted). Consistent with that principle, "verbal objections to police actions" — as opposed to threats — "do not warrant use of physical force." *Jackson v. Tellado*, 236 F. Supp. 3d 636, 667 (E.D.N.Y. 2017) (citing cases); *see, e.g.*, *Watson v. City of Kingston-Kingston Police Dep't*, No. 15-CV-1356 (BKS) (DEP), 2018 WL 4509488, at *4 (N.D.N.Y. Sept. 19, 2018) (denying summary judgment on an excessive force claim where a defendant officer told the plaintiff "to watch [his] mouth," the plaintiff responded "or what," and then an officer punched and choked him); *Weather v. City of Mount Vernon*, No. 08-CV-192 (RPP), 2011 WL 1046165, at *11 (S.D.N.Y. Mar. 22, 2011) (denying qualified immunity in a case where the jury found

unreasonable the use of force in response to a crowd chanting "fuck the po-po"), *aff'd*, 474 F. App'x 821 (2d Cir. 2012) (summary order); *see also, e.g.*, *Brown v. City of New York*, 798 F.3d 94, 100-03 & n.1 (2d Cir. 2015) (concluding that even though the plaintiff had used "loud and nasty language," there was no "actual or threatened harm to the officers"). The parties shall promptly confer and, no later than **9:30 a.m.** on **September 28, 2026**, submit either an agreed-upon proposed jury instruction covering these issues or competing versions of such a proposed jury instruction.

More immediately, in light of DX A and B (not to mention the parties' likely testimony), the Court proposes to include the following question in *voir dire*:

> During trial, you may hear evidence — including audio recordings — about the Plaintiff's use of inflammatory or offensive language toward the police. I will instruct you at the close of the case about whether and to what extent you may consider that language in deciding the issues in this case, but in general the First Amendment to the U.S. Constitution protects a significant amount of verbal criticism as well as insulting, offensive, or annoying comments directed at police officers. Do you have any reason to believe that you will be unable to follow my instructions on these issues or that hearing evidence regarding such language would compromise your ability to be a fair and impartial juror in this case?

Any objection to this question shall be filed in the form of a letter, not to exceed two pages, by **noon** on **Sunday, September 27, 2026**.

SO ORDERED.

Dated: September 25, 2026
New York, New York

JESSE M. FURMAN
United States District Judge