UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SABRINA TONER,

Plaintiff,

-v-

CITY OF NEW YORK et al,

Defendants.

22-CV-1354 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

Attached to this Order are the following:

- Court Exhibits 1-2: notes sent by the jury to the Court during deliberations, with juror signatures redacted;
- Court Exhibit 3: the jury's verdict form, with juror signatures redacted;
- Court Exhibit 4: the juror questionnaire that the Court used during oral voir dire on September 28, 2026;
- Court Exhibit 5: the preliminary jury instructions that were considered at the charging conference held on September 29, 2026;
- Court Exhibit 6: the final jury instructions that were delivered following summations on September 30, 2026.

In light of the jury's verdict in favor of the Defendants, the Clerk of Court is directed to enter judgment in favor of the Defendants on all claims and to close this case.

SO ORDERED.

Dated: September 30, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

**COURT EXHIBIT 1**

# JURY NOTE

Court Exhibits 1

we
Can't get the TV to connect to laptop?

Date: 09/30/26

Time: 11:36 AM

[redacted]
Foreperson's signature

**COURT EXHIBIT 2**

Court Exhibit 2

# JURY NOTE

We have a verdict.

**Date:** 09/30/26

**Time:** 2:27 pm

[redacted]

**Foreperson's signature**

**COURT EXHIBIT 3**

 Court Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

SABRINA TONER,

Plaintiff,

-v-

JONATHAN MARTINEZ and STEVE GAUVY,

Defendants.

--------------------------------------------------------------------X

22-CV-1354 (JMF)

VERDICT FORM

**PLEASE CIRCLE YOUR ANSWERS**

***All Answers Must Be Unanimous***

1. Has the Plaintiff proved, by a preponderance of the evidence, that the Defendant(s) used excessive force against her?

| | | | |
|---|---|---|---|
| (a) | Jonathan Martinez | YES | NO (circled) |
| (b) | Steve Gauvy | YES | NO (circled) |

[*If you answered "No" to both parts of Question 1, then skip the rest of the questions, sign your names in the space provided below, fill in the date, and inform the Court Security Officer that you have reached a verdict. If you answered "Yes" to either or both parts of Question 1, then answer the relevant subpart(s) of Question 2.*]

2(a). If you found that Jonathan Martinez used excessive force against the Plaintiff (Question 1(a)), has the Plaintiff proved, by a preponderance of the evidence, that Steve Gauvy failed to intervene in the use of excessive force against her?

YES NO

2(b). If you found that Steve Gauvy used excessive force against the Plaintiff (Question 1(b)), has the Plaintiff proved, by a preponderance of the evidence, that Jonathan Martinez failed to intervene in the use of excessive force against her?

YES NO

[*Proceed to Question 3 regardless of your answer to Questions 2(a) and (b).*]

3. If your answer to Question 1 or 2 was "Yes" as to either or both Defendant(s), has the Plaintiff proved, by a preponderance of the evidence, that she is entitled to compensatory damages from the same Defendant(s)?

(a) Jonathan Martinez YES NO

(b) Steve Gauvy YES NO

If so, what amount of compensatory damages do you award from the Defendant(s)?

$____________

[*If you answered "No" to Question 3 as to either or both Defendant(s), then proceed to Question 4. If you answered "Yes" to Question 3 as to both Defendants, then skip to Question 5.*]

4. If your answer to Question 1 or 2 was "Yes" as to either or both Defendant(s), but your answer to Question 3 was "No" as to the same Defendant(s) (because you found that the Plaintiff failed to prove that she is entitled to compensatory damages as to the same Defendant(s)), you must award nominal damages. What amount of nominal damages (not to exceed $1) do you award?

$____________

[*Proceed to Question 5 regardless of your answer to Question 4.*]

5. Has the Plaintiff proved, by a preponderance of the evidence, that she is entitled to punitive damages from the Defendant(s) for the use of excessive force and, if any, the failure to intervene?

(a) Jonathan Martinez YES NO

(b) Steve Gauvy YES NO

If so, what amount of punitive damages do you award from the Defendant(s)?

(a) Jonathan Martinez $____________

(b) Steve Gauvy $____________

*[Proceed to the signature block on the last page.]*

***Please review your answers to all of the Questions above to ensure that they accurately reflect your unanimous determinations. When you have done so, sign your names below, fill in the date and time, and inform the Court Security Officer — with a note, not the Verdict Form itself — that you have reached a verdict.***

After completing the form, each juror who agrees with this verdict must sign below:

[redacted]

Date: 09/30/2026

Time: 2:27 pm

**COURT EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SABRINA TONER, Plaintiff, | : | 22-CV-1354 (JMF) |
| -v- | : | JURY QUESTIONNAIRE |
| JONATHAN MARTINEZ and STEVE GAUVY, Defendants. | : | |

JESSE M. FURMAN, United States District Judge:

**PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON**

**THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO**

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question. If your answer to a question is "**no**," you should not do anything. Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which your answer is "yes." If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

A. General Questions

1. As I noted, this trial could last up to about a week. Do you have any unmovable commitments or extraordinary personal hardships that would interfere with your serving as a juror at a trial that is expected to end no later than Monday, October 5, 2026?

2. Do you have any difficulty understanding or reading English?

3. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

4. Do you have any doubt that you will be able to apply the law as I explain it even if you disagree with it?

5. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or entity?

6. Have you, or has any close friend or relative of yours, ever studied or practiced law or worked in any capacity for a law office or a court?

B. Case-Specific Questions

7. Do you have any personal knowledge of this case?

8. Have you heard or read anything about the claims in this case as I have described them?

9. Have you, or has any close friend or relative, ever worked in law enforcement — for example, as a police officer; as a security guard; at a jail or prison; in a local, state, or federal prosecutor's office; or in some other law-enforcement capacity?

10. Have you, or has any close friend or relative, ever worked for the City of New York — including the New York City Department of Parks & Recreation or the New York City Fire Department?

11. Have you, or has any close friend or relative, ever been arrested?

12. Has a police officer or other law enforcement officer ever used force against you or a close friend or family member?

13. Have you ever witnessed an incident in which a police officer or other law enforcement officer used force against a person?

14. Do you believe that if someone is injured in an encounter with the police, his or her civil rights were necessarily violated?

15. Have you, or has any close friend or relative, ever made a complaint or filed a lawsuit against or about a police officer or other law enforcement officer?

16. Do you have any opinion about the police in general, or the New York City Parks Enforcement Patrol (which is part of the New York City Department of Parks & Recreation) in particular, that would interfere with your ability to be a fair and impartial juror in this case?

17. Do you think you would be more likely to believe or disbelieve the testimony of a law enforcement officer merely because he or she is a law enforcement officer?

18. During trial, you may hear evidence — including audio recordings — about the Plaintiff's use of inflammatory or offensive language toward the police. I will instruct you at the close of the case about whether and to what extent you may consider that language in deciding the issues in this case. Do you have any reason to believe that you will be unable to follow my instructions on these issues or that hearing evidence regarding such language would compromise your ability to be a fair and impartial juror in this case?

19. Do you have any reason to believe that anything in your life experience will make you partial to one side or the other in this case?

20. Do you have any reason to think that you could *not* sit fairly and impartially as a juror in this case?

C. Knowledge of Parties, Lawyers, and Witnesses

21. The Plaintiff, Sabrina Toner, is represented by attorneys Brett H. Klein and Talia Gooding-Williams from the law firm Klein Civil Rights. They will be supported at trial by paralegal Erin Kaul. Do you know, or have you had any personal or business dealings with, any of these people or their law firm?

22. The Defendants, Parks Enforcement Patrol Officers Jonathan Martinez and Steve Gauvy, will be represented by attorneys Gregory J.O. Accarino and Hannah Oleynik of the New York City Law Department. They will be supported at trial by Hannah Faddis and paralegal Bernard Braun. Do you know, or have you had any personal or business dealings with, any of these people or their employer?

23. Have you, or has your employer or anyone close to you, ever had any personal or business dealings with Ms. Toner, Officer Martinez, or Officer Gauvy?

24. Do you have any knowledge, opinions, feelings, or impressions about Ms. Toner, Officer Martinez, or Officer Gauvy that would affect your ability to be a fair and impartial juror in this case?

25. Do you know or have you heard of any of the following people or institutions who may testify or whose names may be mentioned during the course of the trial? (If so, circle the name.)

a. Lily Belfi
b. Austin Blum
c. Cody Cabrera
d. John Dellosso
e. Imerka Lorenzo
f. Thomas Santos
g. Westside Medical Group, PC

26. The following is a list of places that may be mentioned during the course of the trial:

a. Castle Clinton
b. Battery Park
c. 1 West Street, New York, New York
d. New York Presbyterian Lower Manhattan Hospital
e. Lenox Hill Hospital - Northwell Health, Lenox Health Greenwich Village
f. New York City Police Department, 1st Precinct

Do you have any familiarity with any of these places that would interfere with your ability to be fair and impartial in this case and to decide the case based on the evidence presented in court?

27. Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, and me?

D. Experience with, and Opinions of, Lawsuits

28. If you or any member of your immediate family has ever brought a lawsuit against anyone or been sued, would that experience affect your ability to be fair and impartial in this case?

29. Do you believe that simply because someone brings a lawsuit that must mean the person deserves to get money?

30. In general, do you believe there should be "caps" or limits on the amount of money juries can award in lawsuits?

31. Have you, or has any member of your immediate family, ever appeared as a witness either at a trial or in a grand jury investigation?

E. Difficulties in Understanding or Serving

32. Do you have any problem with your hearing or vision, or any physical or medical issues (including any medication you may be taking), that would prevent you from giving your full attention to all of the evidence presented during this trial?

33. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question I have asked you, is there *any* reason that you could *not* be a conscientious, fair, and impartial juror in this case, and render a true and just verdict without fear, favor, sympathy, or prejudice, according to the law as I will explain it to you?

## QUESTIONS FOR INDIVIDUAL JURORS

1. Please state your name.

2. In which county or counties have you lived during the past five years?

3. How old are you?

4. How far did you go in school?

5. What do you do? (If retired or unemployed, describe your last employment.)

6. How long have you been employed in your current position? (If fewer than five years, where else did you work in the last five years?)

7. Do you live with anyone and, if so, what do they do?

8. Do you have grown children? What do they do?

9. Where do you typically get your news? For example, what print newspapers, magazines, television shows, radio shows, podcasts, internet news site(s), or apps do you read, watch, or listen to on a regular basis?

10. Do you belong to or volunteer your time to any associations, organizations, clubs, or unions?

11. What do you like to do in your spare time?

12. Family aside, if you could have dinner with anyone in history, dead or alive, who would it be and why?

13. Have you ever served as a juror? If so, when did you serve and was it a civil or criminal case? Were you the foreperson? Did you reach a verdict? (**Do not tell us what the verdict was**.)

**COURT EXHIBIT 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

SABRINA TONER,

Plaintiff,

-v-

JONATHAN MARTINEZ and STEVE GAUVY,

Defendants.

---------------------------------------------------------------------X

22-CV-1354 (JMF)

# (DRAFT) JURY CHARGE

September 29, 2026

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES .... 1
Role of the Court and the Jury .... 2
The Parties .... 2
Conduct of Counsel .... 2
Direct and Circumstantial Evidence .... 3
What Is and What Is Not Evidence .... 4
Limited Purpose Evidence .... 6
Credibility of Witnesses .... 6
All Available Evidence Need Not Be Presented .... 7
Preponderance of the Evidence .... 8
II. SUBSTANTIVE ISSUES .... 8
Multiple Defendants .... 9
Section 1983 .... 9
First Element: Action Under Color of State Law .... 10
Second Element: Deprivation of a Federal Right .... 11
Excessive Force .... 11
Failure to Intervene .... 13
Third Element: Proximate Cause .... 14
III. DAMAGES .... 15
Damages Generally .... 15
Nature of the Plaintiff's Damages Claims .... 16
III. CONCLUDING INSTRUCTIONS .... 18
Selection of Foreperson .... 18
Sending Notes .... 18
Right to See Exhibits and Hear Testimony .... 18
Juror Note-Taking .... 19
Duty to Deliberate .... 19
Return of the Verdict .... 20
Closing Comments .... 21

# I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence and the lawyers' closing arguments. It is my duty at this point to instruct you as to the law. I am going to read my instructions to you. It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

I have given you a copy of my instructions to follow along because they cover many points. Please limit yourself to following along; that is, do *not* read ahead in the instructions. If you find it easier to listen and understand while you are following along with me, please do so. If you would prefer, you can just listen and not follow along. In the unlikely event that I deviate from the written instructions, it is my oral instructions that govern and that you must follow. But you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying. You should not single out any instruction as alone stating the law. Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

My instructions to you will be in three parts.

<u>First</u>, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

<u>Second</u>, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

<u>Finally</u>, I will give you some instructions for your deliberations.

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts. You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

The Parties

As you know, the Plaintiff in this case is Sabrina Toner, and the Defendants are Jonathan Martinez and Steve Gauvy, members of the New York City Parks Enforcement Patrol. In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. No party is entitled to any greater or lesser consideration by you. All litigants are equal before the law and each party in this case is entitled to the same fair consideration that you would give any other party.

Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

In addition, remember that it is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any testimony or evidence.

Nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain testimony or evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict. The first type is direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses. The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day outside. Also assume that the courtroom shades were drawn and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact. The matter of drawing inferences from facts in evidence is not a matter of

guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proved. It is for you, and you alone, to decide what inferences you will draw.

Importantly, circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence. It asks only that you consider all the evidence presented.

What Is and What Is Not Evidence

What, then, is the evidence in the case?

The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received into evidence, and (3) any stipulations made by the parties.

A stipulation is an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you. A stipulation is the same for your purposes as the presentation of live testimony. You should consider the weight to be given such evidence just as you would any other evidence.

Nothing else is evidence.

For example, the questions posed to a witness are not evidence: It is the witnesses' answers that are evidence, not the questions. In addition, exhibits marked for identification but not admitted by me are not evidence; nor are materials brought forth only to refresh a witness's recollection. Moreover, testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

Along these lines, you will recall that, among the exhibits received in evidence, some are redacted. "Redacted" means that part of a document was deleted or blacked out or, in the case of

the audio recordings, bleeped out. As I previously told you, you are to concern yourself only with the part of the document or recording that has been admitted into evidence. You should not consider any possible reason why the other part of it has been redacted.

On the subject of the audio recordings, I remind you that the transcripts of those recordings are only aids. They are not evidence themselves. To the extent that there is any deviation between the transcript you saw, and the audio you heard, the audio controls.

Statements and arguments by the lawyers are also not evidence. What you heard during the opening statements and summations is merely intended to help you understand the evidence and reach your verdict. If your recollection of the facts differs from the lawyers' statements, you should rely on your recollection. If a lawyer made a statement during his or her opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

Finally, any statements that I may have made during the trial or during these instructions do not constitute evidence. At times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times, I may have asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. The rulings I have made during the trial and these instructions are no indication of my views as to what your decision should be. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

Limited Purpose Evidence

If certain testimony or evidence was admitted or received for a limited purpose, you must follow the limiting instructions I have given.

Credibility of Witnesses

How do you evaluate the credibility or believability of the witnesses? The answer is that you use your common sense. There is no magic formula by which you can evaluate testimony. You may use the same tests here that you use in your everyday life when evaluating statements made by others to you. You may ask yourselves: Did the witness impress you as open, honest, and candid? How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness intentionally told a falsehood, that is always a matter of importance you should weigh carefully. On the other hand, a witness may be inaccurate, contradictory, or even untruthful in some respects and entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all of the testimony of any witness, or to accept or reject only portions.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged. You may reject it because of the witness's bearing or demeanor, because of the inherent improbability of the testimony, or for any other reasons sufficient for you to conclude that the testimony is not worthy of belief.

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such an interest in the

outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of his or her testimony and decide whether to accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

## All Available Evidence Need Not Be Presented

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce or present as exhibits all papers and things mentioned in the evidence in the case.

You are not to rest your decision on what some absent witness who was not brought in might or might not have testified to. Each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what an absent witness would have testified to had he or she been called. The absence of a witness should not affect your judgment in any way.

Preponderance of the Evidence

Before I instruct you on the issues you must decide, I want to define for you the standard under which you will decide whether a party has met its burden of proof on a particular issue. The standard that applies in this case is the preponderance of the evidence. As I told you at the beginning of the trial, proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial, does not apply to a civil case such as this and you should put it out of your mind.

To establish something by a preponderance of the evidence means that the evidence of the party that has the burden of proof must be more convincing and persuasive to you than that opposed to it. The difference in persuasiveness need not be great: So long as you find that the scales tip, however slightly, in favor of the party with the burden of proof — that what the party claims is more likely true than not — then that element will have been proved by a preponderance of the evidence. And here it is important for you to realize that this refers to the quality of the evidence and not to the number of witnesses, the number or variety of the exhibits, or the length of time spent on a subject. In determining whether any fact has been proved by a preponderance of the evidence, you may consider all of the exhibits and the testimony of all of the witnesses.

## II. SUBSTANTIVE ISSUES

That completes my introductory instructions. Let me turn, then, to the law that applies to the issues in this case. As you know, this case arises out of the encounter that resulted in the Plaintiff Sabrina Toner's arrest by the Defendants, Jonathan Martinez and Steve Gauvy of the New York City Parks Enforcement Patrol, on the afternoon of November 19, 2020, in Battery Park. As you also know, it is undisputed that Plaintiff's arrest was lawful.

The Plaintiff claims that the Defendants used excessive force, or failed to intervene, during the encounter. In response, the Defendants claim that any force they used was reasonable under the circumstances. The Plaintiff alleges that her civil rights were violated in connection with these events. In particular, she brings claims against the Defendants under a civil rights statute: Title 42, United States Code, Section 1983 — or "Section 1983" for short.

**Adapted from *Lewis v. City of New York*, 12 Civ. 4433 (JMF); *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); *Bakalor v. J.B. Hunt Transport, Inc.*, 11 Civ. 2911 (JMF).**

Multiple Defendants

In reaching a verdict you must bear in mind that each of the Defendants is to be considered separately and a verdict reached solely on the evidence or lack of evidence presented against that Defendant, without regard to the liability of the other Defendant. You must make a separate determination of the liability of each Defendant.

**Adapted from *Lewis v. Marks*, 12-CV-4433 (JMF); *Bowen v. Patrick et al.*, 11 Civ. 4799 (JMF); *Ortiz v. City of New York*, 11-CV-7919 (JMF); *Jacobs v. Frazier*, 99-CV-2188 (DLC).**

Section 1983

To establish a claim under Section 1983, the Plaintiff must prove, by a preponderance of the evidence, each of the following three elements:

First, that the Defendant you are considering was acting under color of state law when he committed the acts about which the Plaintiff complains here;

Second, that in committing these acts, the Defendant you are considering deprived the Plaintiff of rights, privileges, or immunities secured by the United States Constitution or the laws of the United States; and

Third, that the acts of the Defendant you are considering were the proximate cause of the injuries and damages sustained by the Plaintiff.

I will now explain each of those three elements.

**Adapted from *Lewis v. City of New York*, 12 Civ. 4433 (JMF); *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); Sand, *Modern Federal Jury Instructions*, Instr. 87-68; *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); *Corretjer v. Joseph*, 11 Civ. 7847 (PGG).**

First Element: Action Under Color of State Law

The first element that the Plaintiff must prove by a preponderance of the evidence is that the Defendant you are considering was acting under color of state law when he committed the acts about which the Plaintiff complains here.

Whether the Defendants committed the acts alleged by the Plaintiff is a question of fact for you to decide. But if you conclude that either Defendant committed those acts, there is no dispute that he was acting in his capacity as an on-duty member of the New York City Parks Enforcement Patrol and, in doing so, was acting under color of state law.

**Adapted from *Banyan v. Sikorski*, 17 Civ. 4942 (JLR); *Lewis v. City of New York*, 12 Civ. 4433 (JMF); *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); Sand, *Modern Federal Jury Instructions*, Instr. 87-65; *Corretjer v. Joseph*, 11 Civ. 7847 (PGG).**

Second Element: Deprivation of a Federal Right

The second element that the Plaintiff must prove by a preponderance of the evidence is that the Defendant you are considering, in committing the acts complained of, intentionally or recklessly deprived the Plaintiff of a federal right. In order for the Plaintiff to establish this second element, she must show that the acts of the Defendant you are considering caused her to suffer the loss of a federal right; and that he performed those acts intentionally or recklessly, rather than accidentally.

**Adapted from *Banyan v. Sikorski*, 17 Civ. 4942 (JLR); Sand, *Modern Federal Jury Instructions*, Instr. 87-74; *Ortiz v. City of New York*, 11 Civ. 7919 (JMF).**

Excessive Force

In this case, the Plaintiff claims that each Defendant violated her constitutional rights by using excessive force against her or by failing to intervene to stop another from using such force. First, I will address excessive force.

A law enforcement official may employ only the amount of force reasonably necessary under the circumstances to make an arrest. In the instant case, the Plaintiff claims that the Defendants used more force than reasonably necessary under the circumstances.

To determine whether the acts of the Defendant you are considering caused the Plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances. In making this determination, you may take into account such factors as the severity of the crime or crimes at issue, whether the Plaintiff posed an immediate

threat to the safety of the Defendant you are considering or others, and whether the Plaintiff actively resisted arrest or attempted to evade arrest by flight.

Not every push or shove by a law enforcement officer violates a person's constitutional rights, however, even if it may later seem unnecessary in the peace and quiet of this courtroom. Minor scrapes, bumps, or bruises potentially could occur, often unintended, during any arrest, and a law enforcement officer cannot be held liable for every such incident.

The test for determining whether a law enforcement officer used excessive force while arresting an individual is one of objective reasonableness. This test requires you to determine what amount of force a reasonable officer on the scene would have employed under similar circumstances. In other words, you are not to judge the Defendants' conduct with the 20/20 vision of hindsight.

You may consider, but you do not have to determine, whether the Defendant you are considering had less intrusive alternatives available or whether there were less harmful types of force available. Rather, you are only to decide if the Defendant you are considering acted within that range of conduct identified as objectively reasonable. If you find that the amount of force used was greater than a reasonable person would have employed, the Plaintiff has established the loss of a federal right.

You have heard evidence, including the audio recordings admitted as Defense Exhibits A and B, that the Plaintiff used profane, insulting, and offensive language toward the Defendants. The First Amendment to the United States Constitution protects a significant amount of verbal criticism of law enforcement officers, including insulting, offensive, annoying, or profane comments directed at them. Verbal objections to law enforcement action, however rude or offensive, do not on their own justify the use of physical force. But in deciding whether the

force used by the Defendant you are considering was reasonable, you must consider the totality of the circumstances, including the events leading up to the use of force. You may consider what the Plaintiff said, together with what she did and all of the other circumstances, insofar as it bears on whether a reasonable officer on the scene would have believed, when force was used, that the Plaintiff posed an immediate threat to the safety of the officers or others, or was actively resisting or attempting to evade arrest.

You have also heard testimony about Parks Enforcement training, policies, and procedures. These may be relevant in determining how a reasonable officer would comport himself under the circumstances presented to him. But I remind you that the standard for what constitutes excessive force derives from the Constitution, not from whether a particular Parks Enforcement practice or protocol was violated. To determine if excessive force was used in violation of the Constitution, you should follow the instructions I just gave you.

**Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 87-74C; *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); *Banyan v. Sikorski*, 17 Civ. 4942 (JLR); *Fischl v. Armitage*, 128 F. 3d 50, 57 (2d Cir. 1997).**

Failure to Intervene

As I noted, the Plaintiff also alleges that the Defendants failed to intervene in the use of excessive force. All law enforcement officials have an affirmative duty to intervene to protect citizens from infringement of their rights by other law enforcement officers occurring in their presence. Therefore, an officer who fails to intervene is liable for the preventable harm caused by the actions of another officer if the first officer either observes or has reason to know that excessive force is being used. To prove that a Defendant is liable for failing to intervene, the

Plaintiff must prove the following: first, that a reasonable person in the position of the Defendant you are considering would have known that the Plaintiff's constitutional rights were being violated; second, that that Defendant had a realistic opportunity to intervene and prevent the harm; and third, that that Defendant did not take reasonable steps to intervene.

As the elements suggest, to find that a Defendant failed to intervene, you must first find that the force used against the Plaintiff constituted excessive force. But the Plaintiff is not required to prove which particular Defendant used force or which Defendant failed to intervene. All that she is required to prove is that the Defendant you are considering was present during the time the excessive force was being used on the Plaintiff and either could have prevented it or could have been the actual assailant himself.

**Adapted from *Lewis v. City of New York*, 12 Civ. 4433 (JMF); *Keith v. Hart et al.*, 17 Civ. 4477 (VEC); *Ayers v. Hall et al.*, 14 Civ. 8979 (JGK); *Bowen v. Patrick et al.*, 11 Civ. 4799 (JMF).**

Third Element: Proximate Cause

The third element that the Plaintiff must prove by a preponderance of the evidence is that the acts of the Defendant you are considering were a proximate cause of injuries or damages she sustained. An act is a proximate cause of an injury or damages if it was a substantial factor in bringing about the injury or damages, and if the injury or damages were a reasonably foreseeable consequence of the Defendant's acts.

**Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 87-79; *Ortiz v. City of New York*, 11 Civ. 7919 (JMF).**

# III. DAMAGES

Damages Generally

If you conclude that the Plaintiff has met her burden of proving liability, then you must determine the damages, if any, to which she is entitled. You should not infer that the Plaintiff is entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that they are warranted.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that a plaintiff has suffered as a result of a defendant's actions. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award damages for speculative injuries, but only for those injuries, if any, that the Plaintiff actually suffered. It is the Plaintiff's burden to prove the amount of damages and to prove that the damages were caused by the actions of the Defendant you are considering.

In awarding damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the Plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Here, the Plaintiff is seeking two categories of damages: "compensatory damages" and "punitive damages." I will explain each category in turn.

Note that if you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any. Nor should you take into consideration the fees, if any, that the Plaintiff may have to pay her lawyers. **Adapted from *Franchitti v. Cognizant Tech. Solutions Corp. et al.*, 21 Civ. 2174 (JMF); *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); *Keaton v. Caesar*, 17 Civ. 952 (JMF).**

Nature of the Plaintiff's Damages Claims

First, the Plaintiff seeks "compensatory damages." A plaintiff who prevails is entitled to compensatory damages for any physical injury or pain and suffering caused by a defendant's misconduct, as well as emotional distress, fear, personal humiliation, and indignation, and expenses incurred past and future caused by the defendant's misconduct.

Alternatively, you may award "nominal damages." Nominal damages are awarded as recognition that a plaintiff's constitutional rights have been violated. If you find, after considering all the evidence presented, that the Defendant you are considering violated the Plaintiff's federal rights under Section 1983 but that the Plaintiff suffered no injury as a result of this violation, you may award her nominal damages. You may also award nominal damages if you find that both justified and unjustified force were used, and that the Plaintiff suffered injuries that resulted only from the justified use of force. You may also award nominal damages if, upon finding that some injury resulted from the deprivation of the Plaintiff's federal rights under Section 1983, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing. You may not award both nominal and other damages to the Plaintiff for a violation of Section 1983; either she experienced actual damages, in which case

you must award damages, or else she did not, in which case you may award nominal damages. Nominal damages may only be awarded for a token sum, such as one dollar.

Second, the Plaintiff seeks "punitive damages." If you return a verdict against either Defendant, you should decide whether to award the Plaintiff punitive damages. You may award punitive damages if you believe that the Defendant you are considering should be punished for conduct that was motivated by an evil motive or intent, or that involved callous disregard or reckless indifference to the Plaintiff's rights. The Plaintiff is not entitled to punitive damages as a matter of right. You must make a judgment about the conduct of the Defendant you are considering. To make such a judgment, it is important to keep in mind the reasons for awarding punitive damages: to punish a defendant for malicious conduct against a plaintiff or callous disregard or reckless indifference for that plaintiff's rights and to deter such conduct of the defendant or others like the defendant. Thus, you should consider whether the award of punitive damages will accomplish this dual purpose of punishment and deterrence.

You should consider whether punitive damages are likely to deter or prevent other people from performing wrongful acts similar to those the Defendant you are considering may have committed. If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the Defendant you are considering should be punished for his wrongful conduct and the degree to which an award of one sum or another will deter the Defendant you are considering or persons like him from committing wrongful acts in the future.

**Adapted from *Franchitti v. Cognizant Tech. Solutions Corp. et al.*, 21 Civ. 2174 (JMF); *Lewis v. City of New York*, 12 Civ. 4433 (JMF); *Jones v. Fiducia et al.*, 06 Civ. 6682 (LAK); *Ortiz v. City of New York*, 11 Civ. 7919 (JMF).**

## III. CONCLUDING INSTRUCTIONS

Selection of Foreperson

In a few minutes, you are going to go into the jury room and begin your deliberations. Your first task will be to select a foreperson. The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with me when questions arise and when you have reached a verdict. The foreperson is also who will be asked in open court to pass your completed Verdict Form to me.

Sending Notes

You may have questions or comments for me as you deliberate. If you do, you can communicate with me by sending notes using forms and envelopes that you will be provided for that purpose. Your notes to me should be signed by the foreperson and should include the date and time they were sent. They should also be as clear and as precise as possible, as they will become part of the record in this case. Do not tell me or anyone else how you stand on any issue until after a unanimous verdict is reached.

Right to See Exhibits and Hear Testimony

All of the exhibits will be given to you near the start of deliberations on a laptop.

If you prefer to view any evidence here in the courtroom or if you want any of the testimony submitted to you or read back to you, you may also request that. Keep in mind that if you ask for testimony, however, the court reporter must search through her notes, the parties must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Again, your requests for testimony — in fact, any communication with the Court — should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Court Security Officers.

Juror Note-Taking

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may — as I just told you — request that the official trial transcript that has been made of these proceedings be submitted or read back to you.

Duty to Deliberate

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact. I know you will try the issues that

have been presented to you according to the oath that you have taken as jurors. In that oath, you promised that you would well and truly try the issues joined in this case and a true verdict render.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold the center stage in the jury room, and no one juror should control or monopolize the deliberations. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

Your verdict must be unanimous. If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors — that is, the split of the vote — to anyone, including me, at any time during your deliberations.

Return of the Verdict

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is attached to these instructions. Do not write on your individual copies of the Verdict Form. My staff will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the foreperson has been selected.

As you will see, the Verdict Form is kind of like those old "choose your own adventure" books. Depending on your answer to a question or questions, you will be directed to either answer another question or to sign the Verdict Form. You should draw no inference from the questions on the Verdict Form as to what your verdict should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

When you have completed the Verdict Form, please review your answers to ensure that they accurately reflect your unanimous determinations. If they do, the foreperson should note the date and time and you should all sign the Verdict Form. The foreperson should then give a note — **not** the Verdict Form itself — to the Court Security Officer outside your door, stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

I will stress again that **all** of you must be in agreement with the verdict that is announced in court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

Closing Comments

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy or prejudice. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just

verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

Members of the jury, I ask your patience for a few moments longer. It is necessary for me to spend a few moments with the lawyers and the court reporter at the side bar. I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you. Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SABRINA TONER, Plaintiff, | | 22-CV-1354 (JMF) |
| -v- | | VERDICT FORM |
| JONATHAN MARTINEZ and STEVE GAUVY, Defendants. | | |

**PLEASE CIRCLE YOUR ANSWERS**

***All Answers Must Be Unanimous***

1. Has the Plaintiff proved, by a preponderance of the evidence, that either of the following Defendants violated her rights under Section 1983?

| | | | |
|---|---|---|---|
| (a) | Jonathan Martinez | YES | NO |
| (b) | Steve Gauvy | YES | NO |

[*If you answered "No" to both parts of Question 1, then skip the rest of the questions, sign your names in the space provided below, fill in the date, and inform the Court Security Officer that you have reached a verdict. If you answered "Yes" to either part of Question 1, then answer Question 2.*]

2. Has the Plaintiff proved, by a preponderance of the evidence, that she is entitled to compensatory damages from the Defendant(s) as to whom you answered "Yes" to Question 1?

| | | | |
|---|---|---|---|
| (a) | Jonathan Martinez | YES | NO |
| (b) | Steve Gauvy | YES | NO |

[*Question 2 is continued on the next page.*]

If so, what amount of compensatory damages do you award from the Defendant(s)?

$____________

[*If you answered "No" to Question 2 as to either Defendant, then proceed to Question 3. If you answered "Yes" to Question 2 as to both Defendants, then skip to Question 4.*]

3. If you found that the Plaintiff proved her claims against either of the Defendants (Question 1), but that the Plaintiff has not proved compensatory damages, you must award nominal damages. What amount of nominal damages (not to exceed $1) do you award?

$____________

[*Proceed to Question 4 regardless of your answer to Question 3.*]

4. Has the Plaintiff proved, by a preponderance of the evidence, that she is entitled to punitive damages from the Defendant(s) as to whom you answered "Yes" to Question 1?

| | | | |
|---|---|---|---|
| (a) | Jonathan Martinez | YES | NO |
| (b) | Steve Gauvy | YES | NO |

If so, what amount of punitive damages do you award from the Defendant(s)?

| | | |
|---|---|---|
| (a) | Jonathan Martinez | $____________ |
| (b) | Steve Gauvy | $____________ |

*[Proceed to the signature block on the last page.]*

***Please review your answers to all of the Questions above to ensure that they accurately reflect your unanimous determinations. When you have done so, sign your names below, fill in the date and time, and inform the Court Security Officer — with a note, <u>not the Verdict Form itself</u> — that you have reached a verdict.***

After completing the form, each juror who agrees with this verdict must sign below:

__________________________ __________________________
Foreperson

__________________________ __________________________

__________________________ __________________________

__________________________ __________________________

Date: ____________________

Time: ____________________

**COURT EXHIBIT 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SABRINA TONER, Plaintiff, -v- JONATHAN MARTINEZ and STEVE GAUVY, Defendants. | : | 22-CV-1354 (JMF) |

# JURY CHARGE

September 30, 2026

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ........ 1
Role of the Court and the Jury ........ 2
The Parties ........ 2
Conduct of Counsel ........ 2
Direct and Circumstantial Evidence ........ 3
What Is and What Is Not Evidence ........ 4
Limited Purpose Evidence ........ 6
Credibility of Witnesses ........ 6
All Available Evidence Need Not Be Presented ........ 7
Preponderance of the Evidence ........ 8
II. SUBSTANTIVE ISSUES ........ 8
Multiple Defendants ........ 9
Section 1983 ........ 9
First Element: Action Under Color of State Law ........ 10
Second Element: Deprivation of a Federal Right ........ 10
Excessive Force ........ 10
Failure to Intervene ........ 13
Third Element: Proximate Cause ........ 13
III. DAMAGES ........ 14
Damages Generally ........ 14
Nature of the Plaintiff's Damages Claims ........ 15
III. CONCLUDING INSTRUCTIONS ........ 17
Selection of Foreperson ........ 17
Sending Notes ........ 17
Right to See Exhibits and Hear Testimony ........ 17
Juror Note-Taking ........ 18
Duty to Deliberate ........ 18
Return of the Verdict ........ 19
Closing Comments ........ 20

# I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence and the lawyers' closing arguments. It is my duty at this point to instruct you as to the law. I am going to read my instructions to you. It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

I have given you a copy of my instructions to follow along because they cover many points. Please limit yourself to following along; that is, do *not* read ahead in the instructions. If you find it easier to listen and understand while you are following along with me, please do so. If you would prefer, you can just listen and not follow along. In the unlikely event that I deviate from the written instructions, it is my oral instructions that govern and that you must follow. But you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying. You should not single out any instruction as alone stating the law. Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

My instructions to you will be in three parts.

First, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions for your deliberations.

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts. You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

The Parties

As you know, the Plaintiff in this case is Sabrina Toner, and the Defendants are Jonathan Martinez and Steve Gauvy, members of the New York City Parks Enforcement Patrol. In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. No party is entitled to any greater or lesser consideration by you. All litigants are equal before the law and each party in this case is entitled to the same fair consideration that you would give any other party.

Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

In addition, remember that it is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any testimony or evidence.

Nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain testimony or evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict. The first type is direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses. The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day outside. Also assume that the courtroom shades were drawn and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact. The matter of drawing inferences from facts in evidence is not a matter of

guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proved. It is for you, and you alone, to decide what inferences you will draw.

Importantly, circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence. It asks only that you consider all the evidence presented.

What Is and What Is Not Evidence

What, then, is the evidence in the case?

The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received into evidence, and (3) any stipulations made by the parties.

A stipulation is an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you. A stipulation is the same for your purposes as the presentation of live testimony. You should consider the weight to be given such evidence just as you would any other evidence.

Nothing else is evidence.

For example, the questions posed to a witness are not evidence: It is the witnesses' answers that are evidence, not the questions. In addition, exhibits marked for identification but not admitted by me are not evidence; nor are materials brought forth only to refresh a witness's recollection. Moreover, testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

Along these lines, you will recall that, among the exhibits received in evidence, some are redacted. "Redacted" means that part of a document was deleted or blacked out or, in the case of

the audio recordings, bleeped out. As I previously told you, you are to concern yourself only with the part of the document or recording that has been admitted into evidence. You should not consider any possible reason why the other part of it has been redacted.

On the subject of the audio recordings, I remind you that the transcripts of those recordings are only aids. They are not evidence themselves. To the extent that there is any deviation between the transcript you saw, and the audio you heard, the audio controls.

Statements and arguments by the lawyers are also not evidence. What you heard during the opening statements and summations is merely intended to help you understand the evidence and reach your verdict. If your recollection of the facts differs from the lawyers' statements, you should rely on your recollection. If a lawyer made a statement during his or her opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

Finally, any statements that I may have made during the trial or during these instructions do not constitute evidence. At times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times, I may have asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. The rulings I have made during the trial and these instructions are no indication of my views as to what your decision should be. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

Limited Purpose Evidence

If certain testimony or evidence was admitted or received for a limited purpose, you must follow the limiting instructions I have given.

Credibility of Witnesses

How do you evaluate the credibility or believability of the witnesses? The answer is that you use your common sense. There is no magic formula by which you can evaluate testimony. You may use the same tests here that you use in your everyday life when evaluating statements made by others to you. You may ask yourselves: Did the witness impress you as open, honest, and candid? How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness intentionally told a falsehood, that is always a matter of importance you should weigh carefully. On the other hand, a witness may be inaccurate, contradictory, or even untruthful in some respects and entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all of the testimony of any witness, or to accept or reject only portions.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged. You may reject it because of the witness's bearing or demeanor, because of the inherent improbability of the testimony, or for any other reasons sufficient for you to conclude that the testimony is not worthy of belief.

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such an interest in the

outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of his or her testimony and decide whether to accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

All Available Evidence Need Not Be Presented

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce or present as exhibits all papers and things mentioned in the evidence in the case.

You are not to rest your decision on what some absent witness who was not brought in might or might not have testified to. Each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what an absent witness would have testified to had he or she been called. The absence of a witness should not affect your judgment in any way.

Preponderance of the Evidence

Before I instruct you on the issues you must decide, I want to define for you the standard under which you will decide whether a party has met its burden of proof on a particular issue. The standard that applies in this case is the preponderance of the evidence. As I told you at the beginning of the trial, proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial, does not apply to a civil case such as this and you should put it out of your mind.

To establish something by a preponderance of the evidence means that the evidence of the party that has the burden of proof must be more convincing and persuasive to you than that opposed to it. The difference in persuasiveness need not be great: So long as you find that the scales tip, however slightly, in favor of the party with the burden of proof — that what the party claims is more likely true than not — then that element will have been proved by a preponderance of the evidence. And here it is important for you to realize that this refers to the quality of the evidence and not to the number of witnesses, the number or variety of the exhibits, or the length of time spent on a subject. In determining whether any fact has been proved by a preponderance of the evidence, you may consider all of the exhibits and the testimony of all of the witnesses.

## II. SUBSTANTIVE ISSUES

That completes my introductory instructions. Let me turn, then, to the law that applies to the issues in this case. As you know, this case arises out of the encounter that resulted in the Plaintiff Sabrina Toner's arrest by the Defendants, Jonathan Martinez and Steve Gauvy of the New York City Parks Enforcement Patrol, on the afternoon of November 19, 2020, in Battery Park. As you also know, it is undisputed that Plaintiff's arrest was lawful.

The Plaintiff claims that the Defendants used excessive force, or failed to intervene, during the encounter. In response, the Defendants claim that any force they used was reasonable under the circumstances. The Plaintiff alleges that her civil rights were violated in connection with these events. In particular, she brings claims against the Defendants under a civil rights statute: Title 42, United States Code, Section 1983 — or "Section 1983" for short.

Multiple Defendants

In reaching a verdict you must bear in mind that each of the Defendants is to be considered separately and a verdict reached solely on the evidence or lack of evidence presented against that Defendant, without regard to the liability of the other Defendant. You must make a separate determination of the liability of each Defendant.

Section 1983

To establish a claim under Section 1983, the Plaintiff must prove, by a preponderance of the evidence, each of the following three elements:

First, that the Defendant you are considering was acting under color of state law when he committed the acts about which the Plaintiff complains here;

Second, that in committing these acts, the Defendant you are considering deprived the Plaintiff of rights, privileges, or immunities secured by the United States Constitution or the laws of the United States; and

Third, that the acts of the Defendant you are considering were the proximate cause of the injuries and damages sustained by the Plaintiff.

I will now explain each of those three elements.

First Element: Action Under Color of State Law

The first element that the Plaintiff must prove by a preponderance of the evidence is that the Defendant you are considering was acting under color of state law when he committed the acts about which the Plaintiff complains here.

Whether the Defendants committed the acts alleged by the Plaintiff is a question of fact for you to decide. But if you conclude that either Defendant committed those acts, there is no dispute that he was acting in his capacity as an on-duty member of the New York City Parks Enforcement Patrol and, in doing so, was acting under color of state law.

Second Element: Deprivation of a Federal Right

The second element that the Plaintiff must prove by a preponderance of the evidence is that the Defendant you are considering, in committing the acts complained of, intentionally or recklessly deprived the Plaintiff of a federal right. In order for the Plaintiff to establish this second element, she must show that the acts of the Defendant you are considering caused her to suffer the loss of a federal right; and that he performed those acts intentionally or recklessly, rather than accidentally.

Excessive Force

In this case, the Plaintiff claims that each Defendant violated her constitutional rights by using excessive force against her or by failing to intervene to stop another from using such force. First, I will address excessive force.

A law enforcement official may employ only the amount of force reasonably necessary under the circumstances to make an arrest. In the instant case, the Plaintiff claims that the Defendants used more force than reasonably necessary under the circumstances.

To determine whether the acts of the Defendant you are considering caused the Plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances. In making this determination, you may take into account such factors as the severity of the offense or offenses at issue, whether the Plaintiff posed an immediate threat to the safety of the Defendant you are considering or others, and whether the Plaintiff actively resisted arrest or attempted to evade arrest by flight.

Not every push or shove by a law enforcement officer violates a person's constitutional rights, however, even if it may later seem unnecessary in the peace and quiet of this courtroom. Minor scrapes, bumps, or bruises potentially could occur, often unintended, during any arrest, and a law enforcement officer cannot be held liable for every such incident.

The test for determining whether a law enforcement officer used excessive force while arresting an individual is one of objective reasonableness. This test requires you to determine what amount of force a reasonable officer on the scene would have employed under similar circumstances. In other words, you are not to judge the Defendants' conduct with the 20/20 vision of hindsight.

You may consider, but you do not have to determine, whether the Defendant you are considering had less intrusive alternatives available or whether there were less harmful types of force available. Rather, you are only to decide if the Defendant you are considering acted within that range of conduct identified as objectively reasonable. If you find that the amount of force

used was greater than a reasonable person would have employed, the Plaintiff has established the loss of a federal right.

You have heard evidence, including the audio recordings admitted as Defense Exhibits A and B, that the Plaintiff used profane, insulting, and offensive language toward the Defendants. The First Amendment to the United States Constitution protects a significant amount of verbal criticism of law enforcement officers, including insulting, offensive, annoying, or profane comments directed at them. Verbal objections to law enforcement action, however rude or offensive, do not on their own justify the use of physical force. But in deciding whether the force used by the Defendant you are considering was reasonable, you must consider the totality of the circumstances, including the events leading up to the use of force. You may consider what the Plaintiff said, together with what she did and all of the other circumstances, insofar as it bears on whether a reasonable officer on the scene would have believed, when force was used, that the Plaintiff posed an immediate threat to the safety of the officers or others, or was actively resisting or attempting to evade arrest. To be clear, there is no claim in this case that the Plaintiff's First Amendment rights were violated; her sole claim is that the Defendants used excessive force.

You have also heard testimony about Parks Enforcement training, policies, and procedures. These may be relevant in determining how a reasonable officer would comport himself under the circumstances presented to him. But I remind you that the standard for what constitutes excessive force derives from the Constitution, not from whether a particular Parks Enforcement practice or protocol was violated. To determine if excessive force was used in violation of the Constitution, you should follow the instructions I just gave you.

Failure to Intervene

As I noted, the Plaintiff also alleges that the Defendants failed to intervene in the use of excessive force. All law enforcement officials have an affirmative duty to intervene to protect citizens from infringement of their rights by other law enforcement officers occurring in their presence. Therefore, an officer who fails to intervene is liable for the preventable harm caused by the actions of another officer if the first officer either observes or has reason to know that excessive force is being used. To prove that a Defendant is liable for failing to intervene, the Plaintiff must prove the following: first, that a reasonable person in the position of the Defendant you are considering would have known that the Plaintiff's constitutional rights were being violated; second, that that Defendant had a realistic opportunity to intervene and prevent the harm; and third, that that Defendant did not take reasonable steps to intervene.

As the elements suggest, to find that a Defendant failed to intervene, you must first find that the force used against the Plaintiff constituted excessive force. But the Plaintiff is not required to prove which particular Defendant used force or which Defendant failed to intervene. All that she is required to prove is that the Defendant you are considering was present during the time the excessive force was being used on the Plaintiff and either could have prevented it or could have been the actual assailant himself.

Third Element: Proximate Cause

The third element that the Plaintiff must prove by a preponderance of the evidence is that the acts of the Defendant you are considering were a proximate cause of injuries or damages she sustained. An act is a proximate cause of an injury or damages if it was a substantial factor in bringing about the injury or damages, and if the injury or damages were a reasonably foreseeable consequence of the Defendant's acts.

## III. DAMAGES

<u>Damages Generally</u>

If you conclude that the Plaintiff has met her burden of proving liability, then you must determine the damages, if any, to which she is entitled. You should not infer that the Plaintiff is entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that they are warranted.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that a plaintiff has suffered as a result of a defendant's actions. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award damages for speculative injuries, but only for those injuries, if any, that the Plaintiff actually suffered. It is the Plaintiff's burden to prove the amount of damages and to prove that the damages were caused by the actions of the Defendant you are considering.

In awarding damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the Plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Here, the Plaintiff is seeking two categories of damages: "compensatory damages" and "punitive damages." I will explain each category in turn.

Note that if you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any. Nor should you take into consideration the fees, if any, that the Plaintiff may have to pay her lawyers.

Nature of the Plaintiff's Damages Claims

First, the Plaintiff seeks "compensatory damages." A plaintiff who prevails is entitled to compensatory damages for any physical injury or pain and suffering caused by a defendant's misconduct, as well as emotional distress, fear, personal humiliation, and indignation caused by the defendant's misconduct.

Alternatively, you may award "nominal damages." Nominal damages are awarded as recognition that a plaintiff's constitutional rights have been violated. If you find, after considering all the evidence presented, that the Defendant you are considering violated the Plaintiff's federal rights under Section 1983 but that the Plaintiff suffered no injury as a result of this violation, you may award her nominal damages. You may also award nominal damages if you find that both justified and unjustified force were used, and that the Plaintiff suffered injuries that resulted only from the justified use of force. You may also award nominal damages if, upon finding that some injury resulted from the deprivation of the Plaintiff's federal rights under Section 1983, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing. You may not award both nominal and other damages to the Plaintiff for a violation of Section 1983; either she experienced actual damages, in which case you must award damages, or else she did not, in which case you may award nominal damages. Nominal damages may only be awarded for a token sum, such as one dollar.

Second, the Plaintiff seeks "punitive damages." If you return a verdict against either Defendant, you should decide whether to award the Plaintiff punitive damages. You may award punitive damages if you believe that the Defendant you are considering should be punished for conduct that was motivated by an evil motive or intent, or that involved callous disregard or reckless indifference to the Plaintiff's rights. The Plaintiff is not entitled to punitive damages as a matter of right. You must make a judgment about the conduct of the Defendant you are considering. To make such a judgment, it is important to keep in mind the reasons for awarding punitive damages: to punish a defendant for malicious conduct against a plaintiff or callous disregard or reckless indifference for that plaintiff's rights and to deter such conduct of the defendant or others like the defendant. Thus, you should consider whether the award of punitive damages will accomplish this dual purpose of punishment and deterrence.

You should consider whether punitive damages are likely to deter or prevent other people from performing wrongful acts similar to those the Defendant you are considering may have committed. If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the Defendant you are considering should be punished for his wrongful conduct and the degree to which an award of one sum or another will deter the Defendant you are considering or persons like him from committing wrongful acts in the future.

# III. CONCLUDING INSTRUCTIONS

Selection of Foreperson

In a few minutes, you are going to go into the jury room and begin your deliberations. Your first task will be to select a foreperson. The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with me when questions arise and when you have reached a verdict. The foreperson is also who will be asked in open court to pass your completed Verdict Form to me.

Sending Notes

You may have questions or comments for me as you deliberate. If you do, you can communicate with me by sending notes using forms and envelopes that you will be provided for that purpose. Your notes to me should be signed by the foreperson and should include the date and time they were sent. They should also be as clear and as precise as possible, as they will become part of the record in this case. Do not tell me or anyone else how you stand on any issue until after a unanimous verdict is reached.

Right to See Exhibits and Hear Testimony

All of the exhibits will be given to you near the start of deliberations on a laptop.

If you prefer to view any evidence here in the courtroom or if you want any of the testimony submitted to you or read back to you, you may also request that. Keep in mind that if you ask for testimony, however, the court reporter must search through her notes, the parties must agree on what portions of testimony may be called for, and if they disagree I must resolve

those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Again, your requests for testimony — in fact, any communication with the Court — should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Court Security Officers.

Juror Note-Taking

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may — as I just told you — request that the official trial transcript that has been made of these proceedings be submitted or read back to you.

Duty to Deliberate

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact. I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath, you promised that you would well and truly try the issues joined in this case and a true verdict render.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold

the center stage in the jury room, and no one juror should control or monopolize the deliberations. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

Your verdict must be unanimous. If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors — that is, the split of the vote — to anyone, including me, at any time during your deliberations.

Return of the Verdict

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is attached to these instructions. Do not write on your individual copies of the Verdict Form. My staff will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the foreperson has been selected.

As you will see, the Verdict Form is kind of like those old "choose your own adventure" books. Depending on your answer to a question or questions, you will be directed to either answer another question or to sign the Verdict Form. You should draw no inference from the questions on the Verdict Form as to what your verdict should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

When you have completed the Verdict Form, please review your answers to ensure that they accurately reflect your unanimous determinations. If they do, the foreperson should note the date and time and you should all sign the Verdict Form. The foreperson should then give a note — **not** the Verdict Form itself — to the Court Security Officer outside your door, stating

that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

I will stress again that **all** of you must be in agreement with the verdict that is announced in court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

Closing Comments

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy or prejudice. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

Members of the jury, I ask your patience for a few moments longer. It is necessary for me to spend a few moments with the lawyers and the court reporter at the side bar. I will ask you

to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you. Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABRINA TONER,<br>Plaintiff,<br>-v-<br>JONATHAN MARTINEZ and STEVE GAUVY,<br>Defendants. | 22-CV-1354 (JMF)<br><u>VERDICT FORM</u> |

**PLEASE CIRCLE YOUR ANSWERS**

***All Answers Must Be Unanimous***

1. Has the Plaintiff proved, by a preponderance of the evidence, that the Defendant(s) used excessive force against her?

(a) Jonathan Martinez YES NO

(b) Steve Gauvy YES NO

[*If you answered "No" to both parts of Question 1, then skip the rest of the questions, sign your names in the space provided below, fill in the date, and inform the Court Security Officer that you have reached a verdict. If you answered "Yes" to either or both parts of Question 1, then answer the relevant subpart(s) of Question 2.*]

2(a). If you found that Jonathan Martinez used excessive force against the Plaintiff (Question 1(a)), has the Plaintiff proved, by a preponderance of the evidence, that Steve Gauvy failed to intervene in the use of excessive force against her?

YES NO

2(b). If you found that Steve Gauvy used excessive force against the Plaintiff (Question 1(b)), has the Plaintiff proved, by a preponderance of the evidence, that Jonathan Martinez failed to intervene in the use of excessive force against her?

YES NO

[*Proceed to Question 3 regardless of your answer to Questions 2(a) and (b).*]

3. If your answer to Question 1 or 2 was "Yes" as to either or both Defendant(s), has the Plaintiff proved, by a preponderance of the evidence, that she is entitled to compensatory damages from the same Defendant(s)?

| | | | |
|---|---|---|---|
| (a) | Jonathan Martinez | YES | NO |
| (b) | Steve Gauvy | YES | NO |

If so, what amount of compensatory damages do you award from the Defendant(s)?

$____________

[*If you answered "No" to Question 3 as to either or both Defendant(s), then proceed to Question 4. If you answered "Yes" to Question 3 as to both Defendants, then skip to Question 5.*]

4. If your answer to Question 1 or 2 was "Yes" as to either or both Defendant(s), but your answer to Question 3 was "No" as to the same Defendant(s) (because you found that the Plaintiff failed to prove that she is entitled to compensatory damages as to the same Defendant(s)), you must award nominal damages. What amount of nominal damages (not to exceed $1) do you award?

$____________

[*Proceed to Question 5 regardless of your answer to Question 4.*]

5. Has the Plaintiff proved, by a preponderance of the evidence, that she is entitled to punitive damages from the Defendant(s) for the use of excessive force and, if any, the failure to intervene?

| | | | |
|---|---|---|---|
| (a) | Jonathan Martinez | YES | NO |
| (b) | Steve Gauvy | YES | NO |

If so, what amount of punitive damages do you award from the Defendant(s)?

| | | |
|---|---|---|
| (a) | Jonathan Martinez | $____________ |
| (b) | Steve Gauvy | $____________ |

*[Proceed to the signature block on the last page.]*

***Please review your answers to all of the Questions above to ensure that they accurately reflect your unanimous determinations. When you have done so, sign your names below, fill in the date and time, and inform the Court Security Officer — with a note, <u>not the Verdict Form itself</u> — that you have reached a verdict.***

After completing the form, each juror who agrees with this verdict must sign below:

__________________________ __________________________
Foreperson

__________________________ __________________________

__________________________ __________________________

__________________________ __________________________

Date: ____________________

Time: ____________________